The next matter, number 25-1651, Tyler John Taker v. Todd Blanche, et al. At this time, would Counsel for the Appellant please introduce himself on the record to begin. Good morning. Kyle Singal for Appellant Tyler Taker. Chief Judge Barron, may it please the Court, I respectfully request two minutes for rebuttal. Under Bruin, Congress has the power to disarm violent criminals, but under Bruin, appellees cannot meet their burden to justify Section 922G1 as applied to Taker because none of the purportedly analogous Founding Era regulations are relevantly similar to the permanent disarmament of a non-violent possessor of marijuana. The appellees invoke four sets of laws, serious crimes that were punishable by death, other serious non-capital crimes like seditious libel laws, laws disarming whole groups like loyalists or habitual drunkards, and the laws relied upon in Rahimi. None of those are relevantly similar to Section 922G1 as applied to Taker. Before we get to 922G1, you're also challenging the main measures, correct? Yes, I believe they rise and fall with... Well, the main measures don't prevent you from having a gun. They either prevent you from getting a concealed carry permit or they require you to get a permit. There is an application process, but that application process wouldn't be available so long as there's a federal prohibition. That is to say, if Mr. Taker were to apply... Under state law? Under state law. No, no, no, no, no. But if Mr. Taker were to apply for and receive a permit under state law to carry a weapon, he would still be in violation of federal law. First, you have to challenge... Fine. If you're challenging 922, we can get to that in a second. But you are challenging, or are you not, independently challenging the state laws? Yes, Your Honor. Okay, and the state laws do not prevent you from having a firearm. They prevent you from having a concealed carry permit, or they require you to get a permit if you're a prohibited person subject to certain limitations. Is there any argument as to those restrictions being unconstitutional? Those restrictions are unconstitutional. Is there any argument that you've presented as to why you... Not independent of the second amendment. Okay, so then are you separately arguing that you intend to possess a firearm without a permit under Maine law? It depends on how this Court rules in the case, Your Honor. Let me explain. I don't see any allegation in your complaint that you intend to, notwithstanding that Maine law would allow you to possess a permit, that you intend to possess one without it, yet you're bringing a pre-enforcement challenge to a federal statute on the idea that there's an imminent threat of prosecution. How could there be... Yes, of course. And I believe we pleaded that in the complaint, Your Honor.  That Mr. Taker would possess the gun but for the existence of the restrictions. He said that. Yes. But I'm trying to understand how that can be if he hasn't properly challenged the Maine licensing statutes because there's no separate argument as to why the requirement to get a permit is unconstitutional under the second amendment, and there's no allegation that he would possess a firearm, notwithstanding he could get one with the permit under Maine law without getting it. And if he hasn't gotten that permit or applied for it, then what is the reason to think it's right for him to challenge 922G because why would we think there's an imminent threat of prosecution? I understand. I understand the question there, Your Honor. The Maine statute reads that if any person objects, period, to the notice that goes out when... But as I asked you before, is there any argument developed as to that condition being unconstitutional? You correctly said no, there has been none. Not separate from the... To the extent that it restricts Taker's possession of a firearm, which it does unless he can prove without objection that he can... But in your briefing to us, the argument is that the permanent lifetime prohibition is unconstitutional, which is a perfectly valid argument to make. That's a different argument than a restriction on possession being unconstitutional. No, for that reason, we applied for the concealed carry permit in order to sort of check a standing box, so to speak. But Your Honor suggests that he should also have applied for the general permit. Because he might have gotten it. That seems to be a stretch on the record and based on the facts before us, that if the Attorney General is here contesting his right to possess a firearm in the Second Amendment, it seems very unlikely that the Attorney General of the State of Maine would have granted a discretionary relief from the Maine state prohibitions. But he did not apply for it. I would argue that the reasonable inference in our favor is that, you know, as a result of these state statutes, he's unable to possess a firearm in Maine. So the question is for pre-enforcement review, what is the obligation of the challenger seeking to invalidate a federal statute? Federal or state? Either. Okay. Well, if we're talking about... As to the state statute, I think we've established there is no argument as to why the state licensing provisions are unconstitutional. That's been developed. Well, I would go to the concealed carry. We applied for the concealed carry permit. Is there any argument developed that it is unconstitutional to prevent the concealed carry permit? All I read in your brief is that a lifetime prohibition is unconstitutional. Every argument that challenges the validity of 922G1 as applied to Taker applies the same to the state prohibitions. That's not true. 922G is not a denial of a concealed carry permit. I understand. 922G is a lifetime ban. Maine does not have a lifetime ban. Maine has a rule that says once five years have elapsed. Now, there's two things. If you look at the Maine statute, it allows you to... This application that Your Honor is referring to, I'm thinking back to the text of the Maine statute. It allows you to make this application. The text is worded solely in terms of a conviction that occurred in Maine. It talks about going to where the conviction happened and so forth. There's no textual contemplation for the notion that someone with a federal conviction from Arizona is even eligible for relief under the Maine statute in the first place. Can we just briefly, just so I'm clear, your client has a conviction for possession with intent to deliver marijuana from 2012. Yes, Your Honor. But then, on the concealed carry application, was one of the reasons or the reason for the denial because of a restraining order that was in force? That was then in place, right. It was returned unfiled with a note, a handwritten post-it that said, you know, due to PFA, rejected. Not due to the previous conviction. Right. Now, in response to that, I would say that both the... Maine has a shall-deny system, and both the PFA and the federal conviction required rejection of the application. And what's the status of the restraining order now? So, there's been a flurry of 28 jail letters, and one of them was updating the court with the docket record from the West Bath District Court. It expired March 26th, and there has been no extension sought. And is there a pending application for the concealed carry permit? Not at this time. So, what in the record indicates you're seeking one? Again, both the... If the question is that we have standing to bring the claim, that's one thing. If the question is, is there now still a live controversy, I would respond that both the protective order and the fact of the felony conviction under Maine law require denial of the concealed carry permit. That's in the statute. That's not my question. What is the indication that there is a pending request for a concealed carry license? There's not a pending request for the concealed carry license. So, if you came into court challenging the concealed carry provision without having even applied for it, your position is you could challenge that? No. My position is that nothing has changed that would affect the outcome since he did apply for it in 2024. But it was rejected on a different ground, and the ground that's given has now mooted out that challenge to that ground for giving it. That ground is true, but the independently sufficient basis for rejecting the application was in the first application. It would be one thing if that federal conviction didn't exist at the time, but it did. It was in there, and that was also an independently sufficient basis that required a rejection. And even as to that, that's just with respect to the concealed carry condition. That's just with respect to the concealed carry condition. I heard nothing in your brief develops an argument as to why it would be unconstitutional to deny concealed carry permits to felons. Because so long as 922G1 is constitutional as applied to taker, he doesn't have an actual right on it. That's the reason for challenging 922G1. Which is why we're here. Yeah, and then as to 922G1, my question is, is there any basis in the record for thinking that you intend to possess a gun without a license under Maine law, insofar as you would be entitled to get one? I mean, I believe the complaint alleges that were it but for the plaintiff's desire, this is on 821, he desires to possess an ordinary firearm for self-defense, both within and outside the home. He desires to carry it the same manner as other Americans, but for the existence of these statutes and the credible and imminent threat of their enforcement, he would do so. And so that's what we have. Now, I will say this. The federal prohibition applies nationwide. The Maine state statutes don't. So even if Your Honor is inclined to rule that his failure to adequately pursue a pre-enforcement challenge to the Maine state statutes somehow forecloses the federal challenge, that can't foreclose the challenge entirely because he still is losing his right to possess a firearm and carry it, say, for hunting in neighboring New Hampshire where there is no state restriction. And so there's still an injury there to him imposed by 922G1. Moving from this being a pre-enforcement challenge and whether your client actually has standing, we got 28 J letters from you. We have read them. You make two points. You say under 925, which is the Federal Civil Rights Restoration Statute, the federal defendants have argued that that means there is no permanent lifetime ban. You have responded. That's sort of on a wing and a prayer. There is no final rule yet. But you don't explain. I take it that the notice and comment period is over with. And when was that over with? I'll defer to the DOJ, but I believe October, there's still no final rule. Well, there's always some tinkering in light of the public comments. And it turns out Professor Ayers and some others have been giving advice to the federal government about how it ought to be implementing 925G. So, you know, they have to be allowed some reasonable time. They say in the interim they have, in fact, been restoring civil rights. You also say, I think, on March 30th you wrote to DOJ. That was Mr. Marshall's case, and I don't want the court to conflate the two. Okay, not in this case. They did not invite an application in this case. Now, what they did mention in their brief, I think candidly and correctly, was that even under the interim rule, Mr. Taker could not have applied because of the protective order. And they acknowledged that once that was moot, yes, now that that's gone, he could theoretically apply. So even under the preliminary rule in the different categorizations, could he apply? He could apply, yes. Now, I say that. I'm going to take that back. There's no application. No, he could look at that and he could imagine what an application would look like, and he could do his best guesswork to send something somewhere. The application, if you look at the rule, the notice of proposed rulemaking, says on the proper form, certify that you have notified local law enforcement of this application. There is no form. There are various other provisions you have to comply with. There's a fingerprint. Nothing is there. Let's wait until the Barshel case, and then you can tell me more about it.  If I may, just thinking back to, Your Honor, I don't believe these arguments about failing to pursue the permit, the application for relief were raised by the state defendants below. It's a civil case. I believe they're waived. I don't think it's jurisdictional to the extent that it's a standing concern. Again, there's an injury from the denial of the 922G1's prohibition on taker's possession, even outside of it. But the ruling below is adverse to you. I understand. So we can affirm an underground manifest in the record. So the fact you don't have a Pell-E waiver is not the problem. The problem is a Pell-Lint waiver. I understand, Your Honor. Plenty more time, I suppose. Thank you. At this time, would Counsel for Appellees Blanche et al. please introduce himself on the record? He has a six-minute argument. Good morning, Your Honors, and may it please the Court, Josh Handel for the Federal Appellees. Unless the Court prefers otherwise, I'd like to spend my limited time this morning on Mr. Taker's as-applied challenge to 18 U.S.C. section 922G1. As we agree with the state defendants, and as I believe you mentioned, Chief Judge Barron, that Mr. Taker's challenge to section 922G8 has been mooted out by the expiration of the protective order. Mr. Taker's challenge to section 922G1 fails for any one of four independent grounds. First, because this Court upheld the constitutionality of section 922G1 in United States v. Torres-Rosario, which remains good law binding in this circuit. Second, because since Torres-Rosario, the Supreme Court has reaffirmed the Heller safe harbor, which includes longstanding prohibitions on the possession of firearms by felons. Can I just stop you? Do you understand the District Court to have relied on Torres-Rosario? I do, Your Honor. I'm trying to keep track of which case we're talking about at which time, but I believe that both in Marshall and in Taker, the District Court did cite this Court's decision in Torres-Rosario. It looked to the fact that post-Torres-Rosario— If we were to conclude that Torres-Rosario doesn't control after Bruin, which is different than concluding that the holding can't be correct under Bruin, given the task under Bruin, which is reviewing history and tradition, et cetera, and sifting through all this material, which isn't exactly a factual finding, but it's a little bit unclear what it is. Would there be good reason to remand to the District Court to do the first pass under Bruin? Chief Judge Barron, some courts have done that. I believe shortly after Bruin issued in the Atkinson v. Garland case out of the Seventh Circuit, they took that approach. Our view is that that is not necessary. As you alluded to, this is a legal question. It is a question of the constitutional validity or infirmity of a federal statute. It's just that there are legal questions, and then there are legal questions. One is, what does the word employee mean in the FLSA? Well, we probably could figure that out as well as the District Court could. What has been the history and tradition of the United States of America with respect to possessing large amounts of marijuana? I mean, that's a legal question, but it might be helpful to have somebody thoughtful first go through that history and give their take on it after hearing argument before we jump in. Possessing for the purpose of sale. I mean, this isn't a simple possession case. We have a drug trafficker here who apparently was crossing the border, attempted to evade the border patrol, was picked up, what was it, 200 pounds? I believe that's correct, Judge Lynch, yes. So are there any cases that have yet dealt with that type, well, first categorically drug trafficking offenses, and then more specifically marijuana drug trafficking offenses that are similar to this? Sure. So a couple of points in response to that, and just picking up on what Chief Judge Barron asked about, wouldn't it be helpful to this court to have another thoughtful jurist consider this before you do in the first instance? Many thoughtful jurists around the country have dealt with this question, particularly in the context of illegal drug trafficking. I'm not aware of a single court of appeals that has granted an as-applied challenge to Section 922G1 where the predicate felony was drug trafficking. I would point out that just last week in- How many have confronted it post-Bruin? So here's the lay of the land. Half of the circuits do not allow any as-applied challenges post-Bruin. So that's the 2nd, 4th, 8th, 9th, 10th, and 11th circuits. Three circuits expressly permit them. That's the 3rd, 5th, and 6th, but only the 5th has found any applications invalid following the restoration of Section 925C, and I don't believe any of those invalid applications under the 5th Circuit's precedent include drug trafficking. The 7th Circuit just last week in United States v. Atlanta-Watson found that Section 922G1 is constitutionally permissible as applied to persons with prior drug distribution crimes, even if those drug distribution crimes did not themselves have an element of violence or involve violent conduct. What was the logic of that? Sure. So Watson identified two enduring historical principles that together supported application of 922G1 to that conduct. The first was that legislatures can make reasonable, predictive judgments about categories of persons they deem to pose a special danger of misusing firearms and can permissibly disarm them. The second is that legislatures can impose serious penalties up to and including death on crimes that pose a danger to the community. And that was beyond, as I just mentioned, that was beyond just categorically violent offenses. That is of a piece with the decision in United States v. Williams by Judge Thapar that we cite at page 53 of our brief, where Judge Thapar also recognized that it is a longstanding principle that legislatures are able to make these types of reasonable, categorical judgments, if I may just finish the answer very quickly, and recognize as well that that includes categories of crimes, while not strictly crimes against the person, may nevertheless pose a significant threat of danger and use drug trafficking as the prime example. Before you sit down, unless my colleagues have other questions on the merits, just on this threshold point for a pre-enforcement review of 922G1, the government hasn't addressed it. It sort of treats it as if we just go right to the merits. But typically for pre-enforcement review, we're fairly strict about what you have to show to demonstrate imminent threat of prosecution. And my concern here is that we not just skip past that. We make sure that we're following Article 3's requirement that we adhere to those traditional standards. So what is here, I mean, now having heard this issue, does the government have a view about it? Is it enough to simply say, I desire to have an ordinary firearm, therefore I can challenge the federal statute, without saying more than that? Is there a reason to think there would be imminent prosecution of whatever firearm they're describing as ordinary? Is there reason to think on this record that they intend to possess it without first getting a license under Maine law? I mean, how are we supposed to think about those questions before we start assessing whether a federal statute's unconstitutional? Yeah, so I take the concern, Your Honor. I don't want to, you know, get out over my skis in terms of saying things that we didn't say in our briefs here. But to respond to the question, you know, our view is that particularly with the remedial mechanism under Section 925C, there should be no as-applied challenges to Section 922G1. But barring that, it's our preference and we think appropriate for persons who do want to avail themselves of a constitutional claim against the federal felon in possession ban to bring affirmative civil challenges to that ban. Why do they have to allege in order to be able to do that? I know that just because when you say people who want to do that, that's not our rule. There might be lots of people on earth who want to bring those challenges. But they have to have standing to do it. And what's the government's view as to what needs to be alleged in order to demonstrate they're a proper plaintiff in a pre-enforcement challenge? So I understand Mr. Taker to have attempted to obtain a license to possess a firearm. And I believe he was prevented from doing so. And there's no indication at present that he has attempted to seek it based on following the ground of denial that's now mooted. Well, Your Honor, we have just the allegations in the complaint. And I'm wary about sharing too much common ground with my opponent here. But I think that because this is on a motion to dismiss, we have to take the allegations in the complaint as true. And Mr. Taker has held out that. But for the application of, at the time, both 922-G1 and 922-G8. And is number two, that's enough? We have not contested that that's enough for standing here, yes. I understand why during the period that the protective order was in effect. And that the case could be viewed as a little different than a typical pre-enforcement review case. And so it might not have caused the government to raise a pre-enforcement review type argument. But that's now dropped out of the case. And so the framing of the case is different. The framing of the case is also different. I mean, as a pre-enforcement challenge. Precisely because of 925-G. It may be that, at least hypothetically, the government could think that it prefers people actually to go through the 925-G procedure first. Before they go running into federal court. With the federal court not knowing whether the case is going to be mooted out. Because the Justice Department has taken care of the problem. You know, we have Article III concerns. We also have constitutional avoidance concerns. And I understand we put you in a somewhat difficult position. You're representing the Department of Justice. This issue had not been raised before oral argument. It's just, I think, perhaps the government needs to think through its position a little bit more. I understand that, Judge Lynch. On Section 925-C, I think there are various ways to think about it. You can think about it as going to the merits of the constitutional claim against this federal statutory scheme. You can think of it as the equivalent of an exhaustion requirement. You can think of it as a ripeness issue. I believe we discussed all of that briefly in our submission in this case. Don't we have to, even if ultimately we thought of it as exhaustion or ripeness, don't we have to first think of it as a merits point under the Second Amendment, insofar as the contention is I simply shouldn't ever have to show that simply because I'm a felon. In other words, the felon status does not require me to make that showing. Your Honor, I think that is one way. That is a valid Second Amendment challenge, isn't it? We couldn't just ignore that and say, oh, no, it's an exhaustion requirement. The argument is you can't make me exhaust under the Second Amendment. It is. I do not understand that to have been the complaint filed in this case, though. What I understand is Mr. Taker saying, and Mr. Marshall said the same thing in his complaint, that Section 925-C is inoperative. There is no way for me to reclaim my rights. It was a challenge to a permanent, immutable ban. But I don't want to take up any more time. When can we expect a final rule? Judge Lynch, I can't make any promises about that. I will note that. Your best estimate. Hopefully very soon. I expect that one of my colleagues was arguing in the Third Circuit recently, and he said that he expected a final rule by the time the en banc Third Circuit decided that case or certainly before the resulting petition for a writ of certiorari from whichever losing side came out is resolved. So I think that it's reasonable to expect it in the coming months. I will point out that we did receive thousands of comments during the comment period, which closed in October during a government shutdown. So we're doing our best to manage through all of those in a timely and responsible fashion. Thank you. Thank you. Thank you, counsel. At this time, would counsel for the State of Maine please introduce himself on the record to begin? Good morning, Your Honors. Paul Suter, Assistant Attorney General on behalf of Aaron M. Fry, the Attorney General of Maine, and Colonel William Ross, Chief of the Maine State Police. Chief Judge Barron, Your Honors, may it please the Court. Maine's felon disarmament statute is consistent with the Second Amendment, largely for the same reasons that the federal government has set forth. At the same time, our domestic abuser disarmament statute is also consistent with the Second Amendment, although, as we noted in our 28-J response, that challenge is now moot. And finally, Mr. Taker lacked standing when he filed suit, and that too is a reason why his appeal cannot survive. Your Honors, I want to be as useful as possible in my six minutes, so I'm happy to answer whatever questions you might have. Two. One is you don't have a lifetime disarmament ban. Maine does, Your Honor. We do have a substantive felon disarmament statute that is being challenged in this lawsuit. I thought all it does is require you to get a permit subject to conditions. There is a separate statute that is our concealed permit statute that is also being challenged, but Maine has a state corollary to the 922G1 ban that is also being challenged. Which makes it impossible even to get a permit? Could you say that one more time? Which makes it impossible even to get a permit, not a concealed carry permit? I thought it's provided that if you're a prohibited person, you have to apply for a permit, and then it had rules about what the conditions for getting that permit would be if you are a prohibited person. Is that wrong? I think that is correct as it relates to the permit, Your Honor, but there is a substantive ban as well on felons possessing firearms in Maine, in the same way that there is a substantive ban. What provision is that? It is the 17, I believe it's 17, 15 MRS 393. What does it provide? It is, I don't have the text right in front of me, Your Honor, but it essentially bars individuals convicted of, I believe, crimes punishable by more than one year from possessing a firearm in Maine. It is substantively similar to 922G1. Does Maine have a civil rights restoration statute? There is not a, there is a restoration statute related to firearms that are not covered at the federal level, but there is not a restoration statute that covers firearms that are covered by the federal government, Your Honor. Can I just, I'm just maybe, 393 is the provision that you say is the analog to 922G? I believe so, Your Honor. I don't have it right in front of me, so I don't want to misspeak. Well, it says possession of firearms prohibited for certain persons. That's 393. Yes. Then it says possession prohibited. A person may not own, possess, or have under the person's control a firearm unless that person has obtained a permit under this section. And then I don't read it to say that a person who has a felony, a crime that's punishable by prison for a term of receiving one year, can never get a permit. Does it say that? So there is, there is a condition in the permitting statute that prohibits individuals who have felonies from receiving a permit as well. What provision is that? It is in the permitting, it is in the permitting concealed carry statute, Your Honor.  He's not trying to get a, what about non-concealed carry? So there isn't a, there isn't a permitting system for non-concealed carry in Maine. There's only a concealed carry permitting statute that, in and of itself, Your Honor, it doesn't actually, you can concealed carry in Maine without such a permit as well, but the concealed carry permit provides additional. If I'm a felon in Maine. Yes. There's a, I just cannot have the gun. That is correct. And there's nothing I can do about that. That is correct. And so he was challenging all along that provision. Yes. So what does the protective order have to do with anything? That's just with respect to the concealed carry. So the reason why he doesn't, is your question about standing, Your Honor? I don't know, I'm not sure what it is. So the reason why he didn't have standing is because, and if you look at the appendix, it's pages 94 and, 93 and 94. The way the protective order statute works in Maine is there is a provision in the protective order statute, it's at box A, that prohibits someone from threatening, assaulting, et cetera, under the protective order. That is what triggers a substantive statute prohibiting possession under state law and the 922 statute that he's challenging under federal law. But, also in the protective order, there's a separate provision in box G, that's at page 94 of the appendix, that separately prohibited him from possessing a firearm as a condition of the protective order. That Mr. Taker didn't challenge that provision. That's all gone now, right? That's all moot. So are you telling us the only standing argument you made had to do with the domestic abuse order? It is Judge Lynch, but he did not have standing at the time he filed suit, and he can't repair it now is our point. Okay, it's dropped out of our case. Well, you're saying at the time of the complaint, but why wouldn't if he had standing at the time of the complaint with respect to the non-protective order aspects of Maine law that prohibited him from having a gun as a felon? So the injury that he claims is not being able to legally possess a firearm in Maine, and the separate condition of the protective order prohibited him from possessing a firearm. And there is a substantive state criminal statute that prohibits individuals from violating a protective order. So even if Mr. Taker had won his lawsuit on the four corners of the complaint that he filed, it still would have been illegal under Maine law for him to possess a firearm. I see. And so as a result of that defect in the complaint at that time. That's correct, Your Honor. He would have to amend the complaint and make a new allegation because the complaint before us as pled simply doesn't plead standing. That's correct, Your Honor. And the mootness issue can't solve that problem for him. That's just a different issue. That's the idea? That's correct. Standing did not exist at the time of the complaint. And the fact that mootness seems to have repaired that problem, it's just that's not how standing doctrine works under Article III. He would need a new complaint. If Your Honors don't have any further questions, we're happy to rest on our briefs and would ask the court to affirm dismissal of the lawsuit. Can I just ask one? There's a separate provision of Maine law that specifically says you cannot get a concealed carry permit if you're a prohibited person. Is that right or not? That is correct. Mr. Taker would not be able to get. Why is there that provision if there's this other provision that says it's a crime to even possess it? What's the, it seems a little bit redundant. So the concealed, it could. There are certain firearms that are antique firearms that apply different ways under state law that don't exist under federal law. So there are certainly different ways of those. No, no, no, I'm not saying redundant as to federal law. I'm talking about state law itself. I thought you said no felon in Maine can possess a firearm. That is correct. But then there's a separate provision saying they can't get a concealed carry permit? There is, Your Honor, yes. And the concealed carry permit covers a narrower set of issues than being able to conceal carry a gun generally. But it is true that it is, it feels like a double layer of insulation. But it is true that you cannot get a concealed carry permit if you are a felon, but you also are not allowed to possess a firearm. Counsel, it would be helpful if you could send us a letter with a citation to all of these laws prohibiting redundancy or no, prohibiting someone with a felony conviction. We would be happy to do so, Your Honor, certainly. Including the criminal statute. There is no restoration procedure of any sort because most states say, well, look, if the conviction gets annulled or reversed or, God forbid, a federal habeas issue, that then the original ground for the prohibition is null and void. And that is true under state law. Judge Lynch, just to be clear, there's not a formal application, but I didn't want to misstate on that point. So just include that in your resolution. I'd certainly be happy to do so, and we'll certainly cover that as well. Thank you. Thank you. At this time, would counsel for Mr. Hagan please introduce himself on the record? Good morning. May it please the Court. My name is John Wall and I represent Mark Hagan, who is the police chief for the town of Thompson. We join in the arguments presented by the government and the state with regard to the constitutionality issues. I'm just going to focus my argument on three points that are really defenses to the Section 1983 claim that was asserted against my client. The three points are that the claim is barred by waiver, that Chief Hagan is protected by quasi-judicial immunity, and that he's also protected by qualified immunity. The waiver argument is grounded on his consent to entry of the PFA order after being consulted by the judge as to its specific terms. We believe that that constitutes the knowing and voluntary waiver required for the waiver process. Independent of that, with respect to your client, the only challenge is to his Second Amendment right to get a concealed carry permit, correct? I believe that's the case, Your Honor, yes. But I didn't detect any argument being made that the Second Amendment would prohibit felons from getting concealed carry permits as opposed to the broader argument that's made, which is the only one I understood to be made, that a lifetime prohibition is unconstitutional. From my client's perspective, it was always the order that was the focus of the decision made by his department to return the application unapproved, basically. And so from his perspective, it was always more of the narrower question. The larger questions that have been joined in this case are really an aspect for the federal government and the state, as they've argued. But from our perspective, that's why we believe the waiver issue is predominant as a defense for him because he was acting based upon what was an agreed-upon order prohibiting from possessing firearms. But what I'm saying is even aside from that waiver point, I'm just not detecting any argument as to why a concealed carry restriction would be unconstitutional. And as far as I know, one really hasn't been joined in this case, Your Honor. I agree. The other issues relate to quasi-judicial immunity. We presented our argument with respect to that, and we believe that the police department's compliance with a court order restricting his or preventing him from possessing firearms constitutes carrying out a judicial order and therefore falls within quasi-judicial immunity. And with regard to the qualified immunity issue, obviously the court is well familiar with the standard that the protection applies unless it's beyond debate as to the constitutionality of the action taken by the governmental official. Clearly in this case, we don't believe that the law has that kind of clarity that would preclude immunity for my client. So for those reasons and all the other reasons we've briefed, we would ask that the court affirm the judgment below, unless the court has any other questions. Thank you. Thank you, counsel. At this time, would counsel for the appellant please reintroduce himself on the record to begin? He has a two-minute rebuttal. Kyle Singalf for appellant taker. Your Honors, I hope to have some of the answers that I didn't have when I received the unanticipated questions. 15 MRS 393, Section 1, is the blanket prohibition that tracks 922G roughly. It has the language that Chief Judge Barron mentioned about obtaining a permit. Sections 4, paragraphs 4 and 4A of that statute describe the process. When one goes to main.gov, and I can provide this in a letter if you'd like, one encounters the Restoration of Rights website that describes this process. The commissioner is not currently accepting applications made pursuant to this section. Just put it in a letter. I will. This was just to make sure that we don't have a pleading problem on Appendix Page 825. We looked at this before filing, but it's been a couple of years. This is on Appendix Page 825. We talked about both the provision in 15 MRS 393 and the provision that we followed in 25 MRS 2003. We followed that process through because it was available. Because there was no application available to file under 393, we didn't file one. And I pleaded in Paragraph 37 that there is no exception or other remedy that exists through which plaintiffs could vindicate their rights. So that's why you chose the concealed carry. That's correct, Your Honor. And I don't believe there's anything else we could do other than wave our hands in the air and say Mr. Taker is a felon and wishes to have a gun. I will say, just briefly responding to the Seventh Circuit decision in Watson, that was a cocaine trafficking case where the defendant fired guns in furtherance of what he was doing. I don't know where the court would draw a line, even if it wished to, between kinds of drugs. But marijuana, when there's no guns, gangs, or violence, seems categorically different from cocaine trafficking with violence. I know a lot of marijuana intent with distribution-level quantities involves guns, gangs, or violence. My understanding from what's in the complaint here is it did not. But we certainly would not oppose full fact finding in the district court. Before you sit down, can you address the standing argument as to the state claims that Maine identified? Because the felony conviction required a denial of the concealed carry permit, then even though there was an alternative independently sufficient basis to deny the permit or reject it unfiled, there was still an injury caused by the felony conviction. And that existed at the time of filing the complaint, it exists today, and it will exist tomorrow. If there are no further questions, I'll see you in a moment. Thank you. Thank you, counsel. That concludes argument in this case.